UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW P BORSOS,<br><br>    Plaintiff,<br><br>    v.<br><br>AMCO INSURANCE COMPANY,<br><br>    Defendant. | Case No. 22-cv-07701-TSH<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

## I.    INTRODUCTION

In this breach of contract case, Plaintiff Andrew P Borsos, who represents himself, seeks damages related to an insurance policy issued by Defendant AMCO Insurance Company.[1] After Plaintiff failed to respond to Defendant's motion for partial judgment on the pleadings, or otherwise make any appearance in the case since May 2023, the Court ordered him to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. ECF No. 35. The Court warned Plaintiff that the case may be dismissed if he failed to respond by the deadline. As of today, Plaintiff has failed to respond to the show cause order or otherwise make an appearance. For the reasons stated below, the Court therefore finds it appropriate for this case to be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

## II.    BACKGROUND

On August 26, 2022, Plaintiff commenced this action in Sonoma County Superior Court, seeking damages with respect to the handling of his insurance claim under a homeowners policy issued by Defendant. Compl., ECF No. 1-1. Plaintiff alleges a structure fire caused considerable

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 13.

1  damage to his real and personal property, including a valuable collection of comic books. *Id.* ¶¶ 5-
2  9. Plaintiff alleges the comic book collection was worth $275,773.61. *Id.* ¶¶ 13-14. He alleges
3  Defendant, after issuing payments that covered "about 75% of what it would cost to rebuild the
4  home," halted further payments on his claim after receiving a revised inventory list and related
5  comic book valuation. *Id.* ¶ 15. He further alleges he stopped receiving benefits to reside in a
6  substitute home, had to go out-of-pocket for his mortgage and rental, and was unable to pay for his
7  construction project, resulting in a "stalled out" rebuild. *Id.*

Plaintiff alleges Defendant breached the policy by "failing to conduct a thorough, complete, and fair investigation of the claim, and by failing to take into consideration all information and evidence." *Id.* ¶ 27. He further alleges Defendant breached the implied covenant of good faith and fair dealing by "intentionally misinterpret[ing] policy language and draft[ing] correspondence to Plaintiff setting forth the inaccurate, misplaced and misleading facts and conclusions in order to deny full coverage for Plaintiff's claim . . . and to unduly delay in payment so that Defendants . . . could retain the insurance benefits properly owed to Plaintiff." *Id.* ¶ 38. Plaintiff further alleges that Defendant's "acts and omissions constitute unlawful, unfair or fraudulent business acts." *Id.* ¶ 53. Plaintiff asserts three causes of action against Defendant: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. *Id.* ¶¶ 25–55. Defendant removed the case to this Court on December 6, 2022, based on diversity of citizenship.

On April 19, 2023, Defendant moved for partial judgment on the pleadings on part of Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing, as well as the entirety of his claim for relief for violations of Unfair Competition law. ECF No. 27. Defendant argued that part of Plaintiff's first and second claims for relief are barred because of an exclusion in the insurance policy, and that Plaintiff's third claim for relief fails because he has an adequate remedy at law and cannot state any viable relief under section 17200.

On May 2 the Court stayed all deadlines and referred this matter to the Federal Pro Bono Project to determine if counsel could be located to assist Plaintiff. ECF No. 29. After being informed that the Pro Bono Project was unable to locate counsel, on September 29 the Court

terminated the referral and lifted the stay. ECF No. 34. The Court ordered Plaintiff to file any opposition or statement of non-opposition to Defendant's pending motion by October 19, 2023. After Plaintiff failed to respond to Defendant's motion or otherwise make an appearance, the Court ordered him to show cause why this case should not be dismissed pursuant to Rule 41(b) for failure to prosecute and failure to comply with court deadlines. ECF No. 35. The Court directed Plaintiff to file a declaration by November 7, 2023, and simultaneously file either an opposition in compliance with Civil Local Rule 7-3(a) or a statement of nonopposition in compliance with Local Rule 7-3(b). The Court also warned Plaintiff as follows: "Notice is hereby provided that failure to file a written response will be deemed an admission that Plaintiff does not intend to prosecute, and this case will likely be dismissed. Thus, it is imperative the Court receive a written response by the deadline above." ECF No. 35 (emphasis in original). Plaintiff failed to respond.

### III.   LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273–74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "The Court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

### IV.   DISCUSSION

The first two factors typically support dismissal when a plaintiff has failed to respond to court orders or otherwise prosecute their case. First, "'the public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Second,

1  the Court's need to manage its docket also weighs in favor of dismissal. Plaintiff has delayed
2  adjudication of the claims in this case by failing to respond to Defendant's motion and failing to
3  respond to the show cause order. Non-compliance with procedural rules and the Court's orders
4  wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on
5  its docket." *Ferdik*, 963 F.2d at 1261; *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the
6  Court to manage its docket without being subject to routine noncompliance of litigants").

As for the third factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *Yourish*, 191 F.3d at 991. Here, Plaintiff failed to respond to the order to show cause and has otherwise offered no explanation for the failure to prosecute. Therefore, the Court concludes the third factor also supports dismissal.

The fourth factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See Hernandez*, 138 F.3d at 399 ("[T]he public policy favoring resolution on the merits clearly counsels against dismissal.") (citation omitted); *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, although this factor typically weighs against it, dismissal is appropriate here as Plaintiff has failed to move this case toward disposition on the merits.

Finally, the Court has already attempted less drastic sanctions without success, including issuing a show cause order and giving Plaintiff an opportunity to explain the failure to prosecute.

"Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Further, as Plaintiff failed to respond, another order requiring him to respond is likely to be futile. *See, e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead). Moreover, the order to show cause warned Plaintiff of the risk of dismissal; thus, he cannot maintain the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274; *Ferdik*, 963 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted). Accordingly, the final factor weighs in favor of dismissal.

## V.   CONCLUSION

Based on the analysis above, the Court finds at least four of the five *Henderson* factors weigh in favor of dismissal. Plaintiff failed to respond to Defendant's motion and failed to respond to the show cause order. Thus, Plaintiff failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is dismissal without prejudice, which both minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief. *See Ferdik*, 963 F.2d at 1262. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court to consider whether dismissal should have been without prejudice). Accordingly, the Court **DISMISSES** this case **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders. The Clerk of Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: November 14, 2023

THOMAS S. HIXSON
United States Magistrate Judge

5